UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASON CATO, 01B2333,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**

                    v.
                                                    11CV300A

                                                    **Report**
                                                    **&**
CARLOS RAMOS, GOWANDA                               **Recommendation**
CORRECTIONAL FACILITY,

                              Defendant.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 10).  The instant matter before the Court is defendant's motion to dismiss (Docket

No. 7) and to stay all proceedings pending resolution of this motion (id.).  Response to this

motion was due by April 13, 2012 (Docket No. 11), but none was submitted as of April 23, 2012;

any reply would have been due by April 23, 2012, and the motion deemed submitted (id.).

Defendant also moved (Docket No. 13) to stay discovery sought by plaintiff (see Docket No. 12,

plaintiff's Interrogatories) and that motion was granted (Docket No. 16).  Upon learning that

plaintiff, an inmate proceeding pro se, was no longer at the Gowanda Correctional Facility (see

Docket No. 12, Pl. Interrog. at 1; Docket No. 8, Defs. Memo. at 4), a new briefing schedule was

sent to plaintiff at his believed current facility (the Washington Correctional Facility) and

responses were set for May 23, 2012, with replies due June 1, 2012 (Docket No. 17).  This was

extended further, with plaintiff being given an Irby notice, see Irby v. New York City Transit

Auth., 262 F.3d 412 (2d Cir. 2001), with responses to defendant's motion now due by June 13,

2012, and any reply due by June 27, 2012 (Docket No. 18).   Plaintiff submitted his responses,

affidavits in opposition to defendant's motion and "of opposal" [sic] with attachments (including

portions of plaintiff's grievance and copies from the original Complaint, Docket No. 1, Compl. at

unnumbered pages 3-7; Docket No. 19), but defendant did not reply.   The motion is deemed

submitted.

## BACKGROUND

This is a civil rights action alleging that his right to free exercise of his religion has been

infringed (Docket No. 5, Amended Compl.).   Plaintiff alleges that, while incarcerated at

Gowanda Correctional Facility ("Gowanda"), defendant Deacon Carlos Ramos interfered with

the provision of Rastafarian holy day meals and otherwise treated plaintiff and other Rastafarian

inmates at Gowanda in a manner differently than other religious and non-religious groups there

(Docket No. 8, Def. Memo. at 1-2; Docket No. 5, Am. Compl.).   Plaintiff claims that he was

denied Rastafarian "righteous meals for Ethiopian Christmas," on January 7, 2010, January 7,

2011, and Faiska, or Passover (see Docket No. 19, Pl. Aff., Ex.), on May 5, 2011; that religious

meals were not sent to the special housing unit, that defendant failed to provide menus for the

religious meals to mess hall staff thirty days prior to these holy days (Docket No. 5, Am. Compl.

at 1).   These omissions violated plaintiff's First and Fourteenth Amendment rights (id.), and

presumably of others of the "Rastafarian faiths" (id.), although plaintiff did not attempt to allege

a class action.   Defendant allegedly was the advisor on other religious faiths (id.).   It is not clear

what relief plaintiff seeks, but he states as "part of a settlement or agreement resolving the

injury" that defendant Ramos be removed as staff advisor (Docket No. 5, Am. Compl. at 11; see

2

Docket No. 8, Defs. Memo. at 4) and defendant believes that plaintiff seeks monetary damages

under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-

5 ("RLUIPA"), and 42 U.S.C. § 1983 (Docket No. 8, Defs. Memo. at 4).  Plaintiff was granted in

forma pauperis status (Docket No. 6).

Defendant now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)

and (6) (Docket No. 7), arguing that plaintiff's purported injunctive relief (the removal of

defendant as staff advisor and replacing him with Deacon Maloney) is moot because plaintiff is

no longer incarcerated at Gowanda but is now at Washington Correctional Facility (Docket

No. 8, Def. Memo. at 3-4).  Defendant also argues that plaintiff's claims are barred by sovereign

immunity (id. at 4-5).  Defendant faults plaintiff for failing to demonstrate a substantial burden

on his religion, a prerequisite for a claim under the RLUIPA and the First Amendment (id. at 6-

8).  Plaintiff also has not alleged cruel and unusual punishment to support his Eighth Amendment

claim (id. at 8-9).  Defendant denies that plaintiff has a right to any particular position in the

prison, hence denying his claim to be group leader for the Rastifarians (id. at 9).  As for

plaintiff's claim that defendant failed to follow state regulations, defendant argues that this does

not state a due process cause of action (id. at 10).  Defendant next contends that plaintiff has not

sufficiently alleged retaliatory conduct by him (id. at 10-12) nor an Equal Protection Clause

claim (id. at 12-13).  Plaintiff cannot recover from defendant for the alleged violations of others'

rights (id. at 13-14) nor can plaintiff maintain a class action on behalf of other Rastafarian

inmates at Gowanda as an in forma pauperis litigant (id. at 14-15).

Plaintiff responds that this case should not be dismissed as a pro se filing in accordance

with Williams v. Taylor, 529 U.S. 362 (2000) (Docket No. 19, Pl. Aff. in Support of Motion

3

Denying Def. Sum. Judg. at 1; id., Pl. "Aff. of Opposal" at 3d unnumbered page).  But <u>Williams</u>

was a habeas corpus proceeding wherein a capital petitioner challenged whether petitioner

received effective assistance of counsel in a criminal case, <u>id.</u> at 367; this was not a civil rights

action by a <u>pro se</u> party and dismissal of a civil Complaint was not at issue there.

Plaintiff counters that defendant imposed burdens upon his exercise of his religious faith

as an institutionalized person (Docket No. 19, Pl. Aff. in Support of Motion Denying Def. Sum.

Judg. at 1) and violated his rights under the RLUIPA and the Establishment Clause (probably

meaning the Free Exercise Clause of the First Amendment) (<u>id.</u>).  Plaintiff also argues that

defendant is not entitled to qualified immunity where defendant violated his First Amendment

rights (Docket No. 19, Pl. "Aff. of Opposal" at 1).  He claims that defendant violated his rights

by not acknowledging Ethiopian Christmas on January 7 or presenting the requisite Rastafarian

menu for "Holy Event Meals" (<u>id.</u> at 1).  One exhibit he attached lists Rastafarian holy days for

2012, including Ethiopian Christmas (January 7, 2012) and Fasika (May 5, 2011) (<u>id.</u>, Ex.).

## DISCUSSION

I.     Standards

A.     Pleading

Defendant has moved to dismiss the Complaint on the grounds that it states a claim for

which relief cannot be granted.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the

Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>,

355 U.S. 41, 45-46 (1957).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state

a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true.  New

<u>York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions</u>, 235 F.

Supp. 2d 123 (N.D.N.Y. 2002).

The pleading of a <u>pro se</u> plaintiff, however, is to be liberally construed, <u>see</u> <u>Haines v.</u>

<u>Kerner</u>, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement
> of the claim showing that the pleader is entitled to relief.'  Specific facts are not
> necessary; the statement need only "'give the defendant fair notice of what the . . .
> claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>,
> [550 U.S. 544, 555], 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>,
> 355 U.S. 41, 47 (1957)).  In addition, when ruling on a defendant's motion to
> dismiss, a judge must accept as true all of the factual allegations contained in the
> complaint.  <u>Bell Atlantic Corp.</u>, <u>supra</u>, at [555], 127 S. Ct. 1955, 1964, (citing
> <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1 (2002); <u>Neitzke v.</u>
> <u>Williams</u>, 490 U.S. 319, 327 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236
> (1974))."

<u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam).  In <u>Erickson</u>, the Court held that the

Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a <u>pro se</u>

inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by
> Rule 8(a)(2) is even more pronounced in this particular case because petitioner
> has been proceeding, from the litigation's outset, without counsel.  A document
> filed <u>pro se</u> is 'to be liberally construed,' [<u>Estelle v. Gamble</u>, 429 U.S., 97, 106
> (1976)], and 'a <u>pro se</u> complaint, however inartfully pleaded, must be held to less
> stringent standards than formal pleadings drafted by lawyers,' <u>ibid.</u> (internal
> quotation marks omitted).  <u>Cf.</u> Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be
> so construed as to do substantial justice").

551 U.S. at 94; <u>see</u> <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 213-14 (2d Cir. 2008).  Thus, the <u>pro se</u>

plaintiff's complaint has to be construed "more liberally" than one filed by counsel, <u>Boykin</u>,

<u>supra</u>, 521 F.3d at 214.

Under Rule 12(b)(1), a Complaint can be dismissed for lack of subject-matter jurisdiction.

B.      RLUIPA and Free Exercise Clause

Prisoners are entitled to the free exercise of religion subject to the reasonable relationship test of Turner v. Safly, 482 U.S. 78 (1987); see O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), and free exercise is protected by the RLUIPA.  "Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause.  See Pell v. Procunier, 417 U.S. 817, 822 (1974).  'Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system.'  Benjamin v. Coughlin, 905 F.2d 571, 574 (2d Cir. 1990)." Ford v. McGinnis, 352 F. 3d 582, 588 (2d Cir. 2004).  "[P]rison officials must provide a prisoner a diet that is consistent with his religious scruples," Jackson v. Mann, 196 F.3d 316, 320 (2d Cir. 1999); but see Benjamin, supra, 905 F.2d 571 (2d Cir. 1990) (Miner, J.) (holding that denial of Rastafarian Ital diet was not unconstitutional since the diet varied among individuals and sects). Sovereign immunity, however, bars a damage award against state officials sued in their official capacities or agencies under RLUIPA, Sossamon v. Texas, 563 U.S. ___, 131 S.Ct. 1651 (2011).

C.      Class Action

Federal Rule of Civil Procedure 23 sets forth the prerequisites for a class action, namely that the class is so numerous that joinder is impracticable; common questions of law or fact; claims of the representative party is typical of those of the class; and that the representative party "will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a).  A class action

7

may be maintained if those standards are met and if this Court finds that prosecution of separate

actions by individual class members would create the risk of inconsistent or varying

adjudications or the adjudication as to individual class members would, as a practical matter, be

dispositive of the claims of the class, id. R. 23(b)(1)(A), (B), or the defendant acted or refused to

act on grounds that apply generally to the class, id. R. 23(b)(2), or that it found that the questions

of law or fact predominate over questions affecting individual class members, id. R. 23(b)(3).

II.     Application

        Here, defendant argues various grounds why this case should be dismissed.  Plaintiff is no

longer in the facility where his claims allegedly arose, he is now housed at the Washington

Correctional Facility.  Defendant remains assigned to the Gowanda Correctional Facility.  Any

injunctive relief plaintiff seeks is moot since he is no longer at Gowanda and no longer has to

contend with Ramos as the staff adviser, see Pugh v. Goord, 571 F. Supp. 2d 477, 489 (S.D.N.Y.

2008) (holding that where inmate plaintiff is released from prison, his claims for injunctive relief

based on conditions of confinement must be dismissed as moot).  Plaintiff does not address this

contention (or many of defendant's arguments).  Therefore, defendant's motion to dismiss the

injunctive relief sought by plaintiff should be **granted**.

        The Complaint was originally captioned as plaintiff originally and "The Rastafarian

Community of the Gowanda Correctional Facility" (Docket No. 1, Compl. at 1), but his

Amended Complaint merely names him as the sole plaintiff (Docket No. 5, Am. Compl. at 1),

without any implicit class allegation of other Rastafarians in Gowanda.  While plaintiff makes

general allegations that defendant acted against Rastafarians in denying their holy days and holy

day meals, he does not allege that the class is so numerous (presumably the Rastafarians in

8

Gowanda Correctional Facility at the time of these incidents) as to make individual actions or joinder impracticable or that his claim is typical of those of the putative class or that he will adequately protect the interests of the class.  Given that plaintiff (1) is an inmate proceeding pro se, (2) is now located in another facility from the other putative class members at Gowanda, and (3) the difficulties for inmate-to-inmate communication, it is unlikely that plaintiff could serve as representative for such a class.  Thus, any class or class-like allegations should be **dismissed**.

Plaintiff's response reargues the allegations in his Complaint and claims that defendant should not be allowed to claim qualified immunity (see Docket No. 19, Pl. "Aff. of Opposal" at 2d unnumbered page).  The cases plaintiff cites, while arising from the RLUIPA, are cited for the proposition of whether defendants in those cases could assert qualified immunity, cf. Beck v. City of Upland, 527 F.3d 853, 871 (9th Cir. 2008); Koger v. Bryan, 523 F.3d 789, 802 (7th Cir. 2008); Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006).  Defendant, however, does not move for qualified immunity; rather, he argues that on the substance of plaintiff's claims that they lack merit or this Court lacks jurisdiction over them.

The issue here in this motion is whether plaintiff states a claim that this Court has jurisdiction to consider and whether he can assert claims on behalf of others.  As discussed above regarding class allegations, plaintiff has not stated a viable claim beyond his own.  Here, it is sovereign immunity that bars a damage claim under RLUIPA as against New York State or the defendant in his official capacity (Docket No. 8, Def. Memo. at 4), Sossamon, supra, 563 U.S. at ___, 131 S.Ct. at 1663; Hill v. Griffin, No. 11CV6101, 2012 U.S. Dist. LEXIS 3366, at *9 (W.D.N.Y. Jan. 11, 2012) (Siragusa, J.), or against the defendant in his individual capacity

because the RLUIPA does not award monetary damages against individual defendants (id. at 4

n.1), Pugh v. Goord, 571 F. Supp. 2d 477 (S.D.N.Y. 2008).

So what would remain is plaintiff's damages claims for civil rights violations under the

First Amendment and 42 U.S.C. § 1983.  As argued by defendant (Docket No. 8, Def. Memo. at

6-7), at most plaintiff lost holy day meals on fifteen occasions over the two-year period alleged,

and such is a de minimis deprivation of his religious rights, see Odom v. Dixion, No. 04CV889,

2008 U.S. Dist. LEXIS 11748, at *32-36 (W.D.N.Y. Feb. 15, 2008) (Foschio, Mag. J.) (plaintiff

deprived of Kosher meals on seven out of thirty-three instances held to not support a § 1983

violation under the First Amendment or RLUIPA); Evans v. Albany County Corr. Fac., No. 9:05-

CV-1400, 2009 U.S. Dist. LEXIS 40630, at *32-36 (N.D.N.Y. May 14, 2009) (plaintiff allegedly

received 18 wrong meals of 354 meals served during a 118-day period, held to only raise a de

minimis violation, citing Odom, supra).  Given that plaintiff has been transferred to a facility and

away from this individual defendant (and given that the New York State Department of

Corrections and Community Supervision was not named as a defendant in this action) and no

allegations are made that there has been a repeat failure to acknowledge plaintiff's claimed holy

days at his new facility, plaintiff's present claims for lost holy day meals should be **denied** and

defendant's motion to dismiss (Docket No. 7) should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss the

Complaint (Docket No. 7) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

11

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 10, 2012